UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA K. PARROTT,

    Plaintiff,

Case No. 05-74552

Honorable Nancy G. Edmunds

v.

TROY CORLEY d/b/a CORLEY
PUBLICATIONS,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR SANCTIONS UNDER 28 U.S.C. § 1927 [9]**

This matter comes before the Court upon Defendant Troy Corley, d/b/a Corley Publication's timely motion for sanctions under 28 U.S.C. § 1927. The issues currently before the Court are: (1) whether this Court has jurisdiction to award costs and attorney fees under § 1927; (2) if yes, is such an award appropriate here; and (3) if yes, in what amount. For the reasons set forth below, Defendant's motion is GRANTED.

**I.   Facts**

Defendant publishes "CorleyGuides," books that focus on free and fun activities in major cities. Plaintiff began working with Defendant in November of 2004, authoring "write-ups" for Defendant to be used in the Orange County CorleyGuide. Defendant would issue Plaintiff an assignment consisting of the name and background material of a free, fun activity in Orange County. Plaintiff would check the accuracy of the background

information, and author a "write-up" on the activity, in the CorleyGuide style. Defendant would then make any necessary edits to Plaintiff's "write-up."

On December 17, 2004, Plaintiff and Defendant subsequently entered into a contract where Plaintiff agreed to contribute at least 350 write-ups ("the Contribution") to be included in Defendant's publication titled *Free New York City: The Ultimate Guide to the Big Apple* ("the Work"). (Ex. 3 to Pl's Am. Compl. 12/17/04 Contract, ¶ 1.) Plaintiff agreed that the Contribution was to be considered a "work made for hire" as defined in § 101 of the U.S. Copyright Act, and that Defendant would "be the owner of all right, title, interest, including all copyrights and other intellectual property rights, in and to the Contribution, and will have the exclusive right to publish and use the Contribution in any and all formats and media, throughout the world." (*Id.* at ¶ 2.)

Plaintiff further agreed that if the Contribution did not constitute a "work made for hire," she granted and assigned to Defendant "all right, title and interest, including all copyrights and intellectual property rights, in and to the Contribution throughout the world." (*Id.*) Defendant agreed to pay Plaintiff royalties based upon the amounts it received from sales of copies of the work (*Id.* at ¶ 5), and a share of the proceeds from third party licenses. (*Id.* at ¶ 6.)

Relevant to the issue now before the court, the contract contained an arbitration clause:

> **Governing Law; Arbitration.** This Agreement shall be governed and construed in accordance with the laws of the State of California. <u>All disputes or claims arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration</u>, to be conducted by a single arbitrator, in Ventura, California, by and in accordance with the then effective commercial rules of the American Arbitration Association. The costs of the arbitration and the reasonable attorneys' fees of the prevailing party shall be included

...

> in any award rendered by the arbitrator. Judgment upon the award may be entered in any court having jurisdiction thereof. Neither party shall disclose the existence, content or result of any arbitration proceeding without the prior written consent of the other party. (Emphasis added.)

(*Id.* at ¶ 20.)

Plaintiff alleges that, on October 5, 2005 Defendant abruptly "ended" the contract, and demanded that Plaintiff return the advance she was paid. Plaintiff further alleges that Defendant is currently promoting the work with an updated release date of September, 2006, listing Plaintiff as author or editor. (Pl's Am. Compl. at ¶¶ 47-48, 50-56.)

Plaintiff brought suit against Defendant on December 1, 2005. In her Amended Complaint, Plaintiff alleges claims for: (1) breach of contract; (2) unjust enrichment; (3) tortious interference with Plaintiff's prospective business relationships; (4) statutory infringement of Plaintiff's copyrights; (5) unfair trade practice, in violation of the Lanham Trade-Mark Act; (6) idea misappropriation; and (7) conversion. (*Id.* at ¶¶ 57-63.) She seeks both injunctive relief and money damages. (*Id.* at ¶¶ 9-26.)

Originally the matter before the Court was Defendant's motion to compel arbitration and to dismiss, or in the alternative to stay proceedings, and for sanctions. On the eve of the hearing on Defendant's motion, however, Plaintiff voluntarily dismissed her Amended Complaint under Fed. R. Civ. P. 41(a)(1), so the only part of the motion left for the Court to address is Defendant's request for sanctions under 28 U.S.C. § 1927.

**II.  Analysis**

28 U.S.C. § 1927 provides that: "Any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because

of such conduct." Defendant does not ask that Plaintiff's dismissal be conditioned upon an award of attorney fees and costs, but that the Court now issue sanctions after Plaintiff's voluntary dismissal under Fed. R. Civ. P. 41(a)(1). This Court maintains jurisdiction to award attorney fees and costs. *Brown v. Local 58, Int'l Bhd. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 766-67 (6th Cir. 1996) ("a district court retains jurisdiction to consider the question of attorneys' fees after a plaintiff has dismissed its suit under Rule 41(a).").

An award of sanctions under § 1927 is discretionary. *Holmes v. City of Massillon*, 78 F. 3d 1041, 1049 (6th Cir. 1996). In the Sixth Circuit, § 1927 sanctions are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* (internal quote and citation omitted). "[T]he attorney's misconduct, while not required to have been carried out in bad faith, must amount to more than simple inadvertence or negligence that has frustrated the trial judge." *Id.* "Fees may be assessed without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (internal quotation and citation omitted).

Plaintiff's counsel reasonably should have known that the claims asserted in the Amended Complaint fell with the scope of the broad arbitration clause contained in the parties' contract. Plaintiff's counsel unreasonably multiplied the proceedings by contesting Defendant's motion to compel arbitration and simultaneously pursuing a motion for preliminary injunction on claims it should have known were arbitrable. Counsel then

4

voluntarily dismissed the claims on the eve of Defendant's hearing on its motion to compel arbitration; evidence that Plaintiff's counsel knew or should have known that resistance to arbitration, as required under Plaintiff's contract with Defendant, was frivolous. Accordingly, Defendant's motion for § 1927 sanctions is granted.

Defendant's counsel has submitted an affidavit requesting $10,345.77 in attorney fees and costs and attaches a detailed invoice of services performed. Defendant claims to not include fees in connection with preparation of post-hearing sanction issues, and to have reduced attorney fees by 30 percent and paralegal or legal intern fees by 80 percent. This Court's review of the affidavit and supporting documentation shows that defense counsel improperly included fees associated with settlement, review of complaints and other issues unrelated to the excessive costs associated with the motion to compel arbitration and response to Plaintiff's motion for a preliminary injunction. Accordingly, adopting defense counsel's practice of reducing allowable attorney fees by 30 percent and paralegal or legal intern fees by 80 percent, the Court approves $6,570.75 in sanctions under § 1927, calculated as follows:

$3,812.50    in connection with Defendant's motion to compel arbitration; and
$2,758.25    in connection with Defendant's response to Plaintiff's motion for preliminary injunction.

Although Defendant claims $686.65 in excess costs, no supporting documentation is provided for that amount. Accordingly, no amount for excess costs is awarded.

**III. Conclusion**

For the reasons discussed above, the Court GRANTS Defendant's motion for sanctions under 28 U.S.C. § 1927 in the amount of $6,570.75 to be paid to defense counsel on or before September 5, 2006.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: August 24, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2006, by electronic and/or ordinary mail.

> s/Carol A. Hemeyer
> Case Manager